IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| JMJ LAND, LLC, ) | |
| ) | CASE NO. BK11-40267-TLS |
| Debtor(s). ) | A11-4184-TLS |
| JMJ LAND, LLC, ) | |
| ) | |
| Plaintiff, ) | CHAPTER 12 |
| ) | |
| vs. ) | |
| ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION as Receiver for ) | |
| Sherman County Bank, ) | |
| ) | |
| Defendant. ) | |

### REPORT & RECOMMENDATION

This matter is before the court on the plaintiff's motion for withdrawal of the reference of this adversary proceeding to the bankruptcy court (Fil. No. 16). No resistance was filed. Donald L. Swanson and Brian J. Koenig represent the plaintiff debtor, and Michael T. Eversden represents the defendant receiver. The motion is governed by Nebraska Rule of Bankruptcy Procedure 5011-1A and General Rule 1.5(b) of the United States District Court for the District of Nebraska, and was taken under advisement without oral arguments.

I recommend to the United States District Court for the District of Nebraska that the motion be granted.

The lawsuit concerns issues of allegedly unauthorized commodity trades conducted using funds withdrawn, allegedly without authorization, from the Sherman County Bank account of Duane and Carolyn Sue Jacobs. The FDIC, as receiver for the bank, began foreclosure proceedings against real estate held by JMJ Land, LLC, which prompted the bankruptcy filing. The amount of the FDIC's claim is also an issue in the bankruptcy case.

The plaintiff asks that this case be withdrawn to be consolidated with the case of *Duane Jacobs, et al. v. PT Holdings, Inc., et al.*, Case No. 8:11CV106, which concerns related facts and allegations. The district court withdrew the reference of that lawsuit on August 22, 2011. The FDIC's motion to dismiss the complaint in that case is currently pending, as is the FDIC's motion to dismiss the complaint in the present case.

Under the provisions of 28 U.S.C. 157(d), the district court may withdraw the reference of a bankruptcy case from the bankruptcy court if cause is shown. If the resolution of the case would

necessitate consideration of law other than the Bankruptcy Code, then the district court must withdraw the case.

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Permissive withdrawal under § 157(d) for "cause shown" is appropriate where a case pending in bankruptcy court and a case pending in the district court involve common issues of law and fact, providing practical reasons for consolidating them. *Eide v. Haas (In re H & W Motor Express Co.)*, 343 B.R. 208, 216 (N.D. Iowa 2006). That is the situation here. The debtor's liability on the debt, if any, will depend on the outcome of the litigation between the Jacobs and the FDIC. Both lawsuits are at a similar stage of progression. An inefficient use of judicial resources would occur if both cases were litigated in separate courts. Appropriate cause has been shown for the withdrawal of the reference.

Therefore, I respectfully recommend to the United States District Court for the District of Nebraska that it withdraw the reference of this adversary proceeding and consider consolidating it with Case No. 8:11CV106.

The Clerk of the Bankruptcy Court shall process this recommendation pursuant to the local court rules.

DATED: November 7, 2011

> RESPECTFULLY SUBMITTED,
>
> /s/ Thomas L. Saladino
> Chief Judge

Notice given by the Court to:
 *Donald L. Swanson
 *Brian J. Koenig
 Michael T. Eversden
 U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.