IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DUANE JACOBS**, an individual; **CAROLYN SUE JACOBS**, an individual; **JMJ LAND, LLC**, a Nebraska limited liability company; **LARUE KAY MARSHALL**, an individual; and **HAROLD DEAN MARSHALL**, an individual, <br><br>            **Plaintiffs**, <br><br>v. <br><br>**PT HOLDINGS, INC.**, a Nebraska corporation; **LAWRENCE J. VOLF**, an individual; **GEORGE MCFADDEN**, an individual; **LARRY A. BAKER**, an individual; and **FEDERAL DEPOSIT INSURANCE CORPORATION**, in its capacity as receiver and/or conservator of Sherman County Bank, <br><br>            **Defendants**. | CASE NO. 8:11CV106 <br><br><br><br><br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Motion for Partial Summary Judgment (Filing No. 43) filed by Defendant Lawrence J. Volf, and the Motion to Continue under Fed. R. Civ. P. 56(d) (Filing No. 50) filed by the Plaintiffs. For the reasons discussed below, the Motion to Continue will be granted, and the Motion for Partial Summary Judgment will be denied, without prejudice.

## BACKGROUND

This action was filed on January 24, 2011, in the District Court of Sherman County, Nebraska. (Filing No. 1-1.) In their Complaint,[1] the Plaintiffs asserted two claims against

---

[1] The Court has summarized the allegations the Plaintiffs made in their Complaint (Filing No. 1-1) in a prior Memorandum and Order. (Filing No. 42.)

Volf. Both claims allege that Volf breached a fiduciary duty owed to the Plaintiffs. Claim three alleges that Volf breached a fiduciary duty Volf owed by virtue of his banking relationship with the Jacobses. (*Id.* at ¶¶ 73-78.) Claim seven alleges that Volf breached a fiduciary owed by virtue of his broker relationship with the Jacobses. (*Id.* at ¶¶ 95-100.)

On March 28, 2011, the action was removed to this Court. (Filing No. 1.) Before a Rule 26 conference had been held, Volf filed his Motion for Partial Summary Judgment. Volf contends that judgment should be entered in his favor and against the Plaintiffs on claims three and seven because the Plaintiffs cannot establish certain elements of their claims and because he is protected by the defenses of waiver and estoppel. The Plaintiffs filed their Rule 56(d) Motion seeking an opportunity to conduct and complete discovery in order to present facts essential to oppose Volf's Motion.

**STANDARD**

"Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gage v. HSM Elec. Prot. Servs., Inc.,* 655 F.3d 821, 825 (8th Cir. 2011) (citing Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact."

*Id.* at 325. Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.*

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that [its] claim should proceed to trial." *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)), *cert. denied,* 130 S. Ct. 1074 (2010). If, however, the nonmoving party is prevented from "present[ing] facts essential to justify its opposition," Fed. R. Civ. P. 56(d), because it "has not had an opportunity to make full discovery," *Celotex*, 477 U.S. at 326 (citing Fed. R. Civ. P. 56(f) (current version at Fed. R. Civ. P. 56(d))),[2] Rule 56(d) allows a court to deny or defer consideration of the motion. Fed. R. Civ. P. 56(d);[3] *see also Chambers v. Travelers Co., Inc.*, No. 11-1473, --- F.3d ----, 2012 WL 399919, at *6 (8th Cir. Feb. 9, 2012).

The purpose of Rule 56(d) "'is to provide an additional safeguard against an improvident or premature grant of summary judgment.'" *U.S. ex. rel. Bernard Casino Magic Corp.*, 293 F. 3d 419, 426 (8th Cir. 2002) (quoting 10B Charles Alan Wright et al.,

---

[2]Pursuant to a 2010 amendment to Rule 56, subsection (f) was carried forward into subsection (d). *See* Fed. R. Civ. P. 56 cmt. to 2010 amendment (2011).

[3]Rule 56(d) states:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

3

Federal Practice and Procedure: Civil 3d § 2740 (1998)).  Although Rule 56(d)  "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious," *Wilmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975) (citing Fed. R. Civ. P. 56(f)),  it "should be applied with a spirit of liberality."  *U.S. ex. rel. Bernard*, 293 F.3d at 426 (citing 10B Charles Alan Wright et al., Federal Practice and Procedure: Civil 3d § 2740 (1998)).

Generally, the party seeking relief under Rule 56(d) must, by affidavit, describe "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) (citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir.2004)).  However, "these requirements are not inflexible and . . . district courts are vested with considerable discretion in their administration." *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994); *see also Stanback v. Best Diversified Food Prods.*, 180 F.3d 903, 910 (8th Cir. 1999) (citing *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 606 (8th Cir. 1999)) ("In analyzing whether a claim is ripe for summary judgment, a district court has discretion to determine whether the parties have had adequate time for discovery, and that determination is reviewed for abuse of discretion.").  As a result, district courts may relax, or even excuse, one or more of those requirements.  *North Bridge Assocs., Inc.*, 22 F.3d at 1203.

## DISCUSSION

By affidavit, the Plaintiffs have stated that to contest Volf's Motion, they need to depose Volf and other individuals to determine the circumstances and complete factual basis underlying Volf's defenses, and to uncover facts revealing Volf's knowledge of the unauthorized trading at the Jacobses' expense.  Specifically, the Plaintiffs have stated that they need to depose Volf in order to uncover facts relating to (1) Volf's authority to debit the Jacobses' bank account for reasons other than executing hedging transactions, (2) Volf's knowledge of the trading strategies Defendant PT Holdings, Inc. ("PT Holdings"), employed, (3) Volf's authorization to sign certain withdrawal forms on the Jacobses' behalf, (4) Volf's knowledge regarding any trading that occurred in the Jacobses' trading account with Rosenthal Collins Group, LLC ("Rosenthal"), (5) Volf's knowledge of Rosenthal's ability to demand increased margin deposits immediately without notice, (6) Volf's theories regarding causation, reliance, waiver, and estoppel, and (7) Volf's knowledge of the total loss the Jacobses suffered in the trading program implemented by PT Holdings and Rosenthal.  The Plaintiffs also stated that they need additional time to have an expert analyze the trades that occurred in the Jacobses' trading account to determine if speculative trades, for which Volf advanced funds out of the Jacobses' bank account, were made out of the Jacobses' trading account.

There has been no Rule 26(f) discovery conference in this case, and Rule 26(d) prohibits "[a] party [from] seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d).  Certain parties represented to the Plaintiffs that they would not respond to discovery requests the Plaintiffs made until after the Rule 26(f) conference is held.  (Filing No. 50-1, ¶ 4-5.)  Thus, the Plaintiffs, who

will bear the burden of proof at trial, have been unable to conduct any discovery to uncover facts, at least some of which are in the exclusive control of the opposing party,[4] to support their claims since the action has been removed to this Court. Although some limited discovery may have taken place prior to this action being removed to this Court, the Plaintiffs have not "had an opportunity to make full discovery." *See Celotex*, 477 U.S. at 326 (citing Fed. R. Civ. P. 56(f) (current version at Fed. R. Civ. P. 56(d))). Therefore, the Plaintiffs have made a good faith "showing . . . that discovery has been inadequate[,] . . . [and] that postponement of the ruling would enable [them] to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006).

Accordingly,

IT IS ORDERED:

1. The Motion to Continue under Fed. R. Civ. P. 56(d) (Filing No. 50) is granted; and

2. The Motion for Partial Summary Judgment (Filing No. 43) is denied, without prejudice.

DATED this 2nd day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[4] *See* 10B Charles Alan Wright et al., Federal Practice and Procedure: Civil 3d § 2741 (2011)) ("Sufficient time for discovery is considered especially important when the relevant facts are exclusively in the control of the opposing party.").