## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DUANE JACOBS**, an individual; **CAROLYN SUE JACOBS**, an individual; **JMJ LAND, LLC**, a Nebraska limited liability company; **LARUE K. MARSHALL**, an individual; and **HAROLD DEAN MARSHALL**, an individual,<br><br>　　　　**Plaintiffs,**<br><br>　　v.<br><br>**PT HOLDINGS, INC.**, a Nebraska corporation; **LAWRENCE J. VOLF**, an individual; **GEORGE MCFADDEN**, an individual; **LARRY A. BAKER**, an individual; and **FEDERAL DEPOSIT INSURANCE CORPORATION**, in its capacity as receiver and/or conservator of Sherman County Bank,<br><br>　　　　**Defendants.** | CASE NO. 8:11CV106<br><br><br><br><br>ORDER OF REMAND |

This matter is before the Court on its own motion. A review of the file shows that the Federal Deposit Insurance Corporation ("FDIC") was dismissed from this action on December 16, 2011.[1] (Filing No. 42.) The Court has an obligation to ensure that subject matter jurisdiction exists. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil, Co.*, 526 U.S. 574, 583 (1999)) ("courts . . . have an

---

[1]The FDIC remains listed as a party to this action because a bankruptcy adversary proceeding in which the FDIC is a party has been consolidated with this action. (Filing Nos. 41.) "A consolidated case 'retain[s] its independent status.'" *Horizon Asset Mgmt. v. H & R Block, Inc.*, 580, 755, 769 (8th 2009) (alteration in original) (quoting *Degraffenerid v. Gen. Motors Assembly Div. St. Louis*, 558 F.2d 480, 486 (8th Cir. 1977)). As a result, the consolidation of cases "normally [does] not affect [a] district court's jurisdiction." *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994).

independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

This action was removed from the District Court of Sherman County, Nebraska (Filing No. 1-1), on the basis of 12 U.S.C. § 1819, which states, in part, "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." *Id.* at § 1819(b)(2)(A); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."); 28 U.S.C. § 1441(a).[2] The FDIC has been dismissed as a party from this action because the Court lacked subject matter jurisdiction over the claims asserted against it. (Filing No. 42.) No other claim presented in this action appears to "invoke[ ] an independent basis of federal subject matter jurisdiction,"[3] and supplemental jurisdiction[4] "becomes relevant only after a case has invoked an independent basis of federal subject matter jurisdiction."[5]  13D Charles Alan Wright et al., Federal

---

[2]

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

[3]All of the parties are citizens of Nebraska for diversity purposes, and the remaining claims in this action appear to be state law claims.  *See* 28 U.S.C. § 1332; Filing No. 1-1.

[4]*See* 28 U.S.C. § 1367.

[5]When supplemental jurisdiction is relevant and a "district court has dismissed all claims over which it has original jurisdiction," then "[t]he district court[ ] may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367.  If the district court declines to exercise supplemental jurisdiction, then the district court has the discretion to remand the case to state court or to dismiss the case without prejudice.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

Practice and Procedure § 3567 (3d ed. 2008); *see also Decatur Liquors, Inc. V. D.C.*, 478 F.3d 360, 364 (D.C. Cir. 2007) (finding lack of federal question jurisdiction over purported federal claim precluded supplemental jurisdiction over related state law claims). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On March 12, 2012, the Defendants were directed to file by March 22, 2012, a supplementary statement of jurisdiction demonstrating the basis of this Court's jurisdiction and why the action that was removed from the District Court of Sherman County, Nebraska, should not be remanded to state court. (Filing No. 67.) No supplementary statement of jurisdiction has been filed with the Court.

Accordingly,

IT IS ORDERED:

1. The action that was removed from the District Court of Sherman County, Nebraska (Filing Nos. 1, 1-1), is remanded to the District Court of Sherman County, Nebraska; and

2. The adversary proceeding (Case No. AP11-4184-TLS) that was consolidated with Case No. 8:11CV106 (Filing No. 41) remains pending before this Court.

DATED this 27th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge